UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:

RICK ALLEN PHILLIPS and
REBECCA RUTLAND PHILLIPS                           Case No. 08-11442-MAM-7

    *Debtors.*

RICK ALLEN PHILLIPS

    *Plaintiff,*

v.                                                 Adv. Proc. No. 11-00027

AURORA LOAN SERVICES, LLC and
U.S. BANK, AS TRUSTEE FOR STRUCTURED
ADJUSTABLE RATE MORTGAGE LOAN
TRUST MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-10

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS ADVERSARY CASE**

Mindi C. Robinson, Adams and Reese, LLP, Birmingham, Alabama, Attorneys for Defendants
Scott Hetrick and Nicholas F. Morisani, Adams and Reese, LLP, Mobile, Alabama, Attorneys for Defendants
Nick Wooten, Auburn, Alabama, Attorney for Plaintiff

    This case is before the Court on Defendants' Motion to Dismiss this adversary case on various grounds. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, the Court is granting the Defendants' Motion to Dismiss all grounds for relief, except for the fraud on the court grounds.

1

FACTS

The Plaintiff's complaint alleges that the documentation of the Phillips' mortgage and transfer of it were flawed such that the mortgage is avoidable as a preference or fraudulent transfer. The complaint also asserts that the defendants violated the Phillips' automatic stay and committed a fraud on the Court. The facts that are relevant to this motion are a limited set of the facts alleged in the complaint.

Phillips entered into a note and mortgage with Lehman Brothers Bank, FSB on September 7, 2007, in the amount of $840,000 when he purchased real estate located at 26200 Perdido Beach Boulevard, Condo Unit 1505, Orange Beach, Alabama. The mortgage indicated that the lender was Lehman Brothers Bank, FSB. The mortgage also indicated that Mortgage Electronic Registration Systems, Inc. ("MERS") was "the mortgagee under this Security Agreement." The document also stated that MERS was "acting solely as a nominee for Lender and Lender's successors and assigns." The note was in the name of Lehman Brothers Bank, FSB as well. The mortgage was recorded in the Baldwin County, Alabama Probate Court records on October 10, 2007. There was no new filing in the Baldwin County Probate Court until July 28, 2009, when an assignment of the mortgage was filed. MERS, "as nominee for Lehman Brothers Bank, FSB," assigned the mortgage to Aurora Loan Services.

On April 25, 2008, Rick Phillips and his wife filed a chapter 7 bankruptcy petition. On December 30, 2008, Aurora filed a motion for relief from the automatic stay. The motion stated that Aurora was the "holder of the mortgage" and was a "creditor" of Phillips. The motion had a copy of the note and mortgage attached to it. The note stated that Lehman Brothers Bank, FSB was the note holder. The note was not endorsed to any other party or in blank. The mortgage stated that Lehman Brothers Bank, FSB, was the lender with MERS being the "mortgagee under

2

Case 11-00027    Doc 19    Filed 05/09/11    Entered 05/09/11 12:43:07    Desc Main
Document      Page 2 of 6

this Security Instrument" and stating that MERS was "acting solely as a nominee for Lender and Lender's successors and assigns." Neither the Debtor nor the Trustee objected to the standing of Aurora to seek relief from the stay. In fact, an order to which the Debtor and Trustee consented was entered on February 12, 2009.

There are other facts asserted in the complaint about the mortgage. U.S. Bank had purchased the note and mortgage of Phillips on or about October 30, 2007, and placed the mortgage in a securitized trust of which U.S. Bank was trustee. Aurora was named servicer for U.S. Bank about the same date. The complaint also states that the mortgage was assigned to U.S. Bank in the MERS system of recordation on about October 1, 2007. These facts support Phillips' claims in the complaint.

## LAW

The complaint asserts that Phillips is entitled to: have the mortgage declared null and void as a fraudulent transfer due to 11 U.S.C. § 544(a)(3); have the transfer of funds to U.S. Bank at foreclosure declared a preference under 11 U.S.C. § 547 and have the funds turned over to the trustee; have the foreclosure and transfer of funds to U.S. Bank declared a violation of the automatic stay pursuant to 11 U.S.C. § 362; have the actions of Aurora and U.S. Bank declared a fraud on the court; and have this court quiet title to the property, declaring title to be in the bankruptcy estate of Phillips. The defendants have filed a motion to dismiss prior to answering the complaint as is their right pursuant to Fed. R. Bank. P. 7012.

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must contain sufficient factual allegations such that it raises a right to relief above the speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In assessing the merits of a Rule 12(b)(6) motion, the Court must assume that all factual allegations

set forth in the complaint are true. *See, e.g. Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002). Because all factual allegations are taken as true, the failure to state a claim for relief presents a purely legal question. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1269 n.19 (11th Cir. 2009).

The defendants assert four grounds upon which the complaint should be dismissed. The grounds are res judicata, judicial estoppel, the fact that Aurora was a creditor, and the fact that the defendants could not have violated the stay. The court concludes that res judicata eliminates all grounds except fraud on the court and therefore Counts One, Two, Three and Five are due to be dismissed.

"Application of *res judicata* is central to the fundamental purpose of the judiciary - the conclusive resolution of disputes." *Curry v. Baker*, 802 F.2d 1302, 1310 (11th Cir. 1986) (*citing Montana v. United States*, 440 U.S. 147, 153 (1979)). "Finality 'relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication.' " *Id. (quoting Allen v. McCurry,* 449 U.S. 90, 94 (1980)). "Under *res judicata,* also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). Claim preclusion bars subsequent litigation when the following conditions are met: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involve the same parties or their privies; and (4) both cases involve the same causes of action. *Id*. "In general, cases involve the same cause of action for purposes of res judicata if the present case 'arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." *Israel Discount Bank, Ltd. v. Entin*, 951 F.2d

311, 315 (11th Cir. 1992) (*quoting Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990)).

With regards to the Relief from Stay Order that was entered on February 12, 2008, this Court's jurisdiction was proper under 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The order was entered by consent of the parties and, following entry of that order, no party filed a motion to reconsider. The Consent Order Granting Relief from Stay was a final order. The Motion for Relief from Stay lists the Phillips as debtors and Ms. Littleton as the Trustee. All parties received notice of the motion and the mortgage and note were attached to the motion. Neither the Phillips nor the Trustee raised any objection, rather, the stay was lifted by agreement of the parties. The Plaintiff now brings a complaint seeking to avoid the mortgage, quiet title, and turnover the funds liquidated. Permitting such a challenge to go forward would violate the doctrine of res judicata because each of the elements of claim preclusion have been met in this case. The proper time for the Plaintiff to question the mortgage and note was when the Relief from Stay Motion was filed. However, no one challenged or questioned the mortgage and note at that time. It would be improper to permit them to relitigate those issues now.

With regards to Count Four of the Plaintiff's complaint alleging Fraud on the Court, that issue has not been previously litigated. The complaint alleges that the Defendants filed false pleadings concealing the true mortgage creditor's identity, thereby violating the bankruptcy rules and perpetrating a fraud on the court. Inappropriate behavior, including litigation abuse and fraud, can be dealt with by a bankruptcy court pursuant to § 105 of the Code as an "abuse of the bankruptcy process." Under § 105, sanctions may be warranted against parties who willfully abuse the judicial process. *In re Gorshtein*, 285 B.R. 118 (Bankr. S.D.N.Y. 2002). This power

5

is broad enough to empower a court to impose sanctions for "filings [in a case] as well as commencement or continuation of an action in bad faith." *Id.* (*citing In re Spectee Group, Inc.*, 185 B.R. 146, 155 (Bankr. S.D.N.Y. 1995). Taking the Plaintiff's factual allegations as true, Aurora claimed in the motion for relief from stay to be a creditor and the holder of the mortgage. There is no document that supports those assertions other than a statement in a Pooling and Servicing Agreement filed with the SEC. This allegation of filing a false pleading is sufficient to raise a right to relief above a speculative level in that the Plaintiff has stated a claim for fraud on the court. The motion for dismissal is due to be denied with regards to Count Four of the complaint.

Therefore it is ORDERED:

1. The Defendants' Motion to Dismiss as to counts one, two, three, and five is GRANTED;
2. The Defendants' Motion to Dismiss as to count four is DENIED.

Dated: May 9, 2011

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE