UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

In re:

RICK ALLEN PHILLIPS and
REBECCA RUTLAND PHILLIPS                            Case No. 08-11442-MAM-7

         Debtors.

RICK ALLEN PHILLIPS

         Plaintiff,

v.                                                                                  Adv. Proc. No. 11-00027

AURORA LOAN SERVICES, LLC and
U.S. BANK, AS TRUSTEE FOR STRUCTURED
ADJUSTABLE RATE MORTGAGE LOAN
TRUST MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-10

         Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Mindi C. Robinson, Adams and Reese, LLP, Birmingham, Alabama, Attorney for Defendants
Nick Wooten, Auburn, Alabama, Attorney for Plaintiff

       This case is before the Court on Defendants' Motion for Summary Judgment. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, the Court is granting the Defendant's motion for summary judgment as to the Trustee's and the Plaintiff's claims, except as to the

1

extent that the Debtor actually paid a fee for the preparation of the motion for relief from the automatic stay.

## FACTS

The material facts necessary for resolution of this motion for summary judgment are undisputed. Rick and Rebecca Phillips (the "Debtors") entered into a note and mortgage with Lehman Brothers Bank, FSB ("LBB") on September 7, 2007, in the amount of $840,000 when they purchased real estate located at 26200 Perdido Beach Boulevard, Condo Unit 1505, Orange Beach, Alabama 36561 (the "property"). The mortgage indicated that Mortgage Electronic Registration Systems, Inc. ("MERS") was "the mortgagee under [the] Security Agreement" and that MERS was "acting solely as a nominee for Lender and Lender's successors and assigns." The mortgage was recorded in the Baldwin County, Alabama Probate Court records on October 10, 2007. U.S. Bank purchased the note and mortgage on or about October 30, 2007, and placed the mortgage in a securitized trust of which U.S. Bank was trustee (the "U.S. Bank Trust"). Aurora Loan Services, LLC ("Aurora") was named servicer for U.S. Bank about the same date. Aurora is a wholly owned subsidiary of LBB.

On April 25, 2008, the Debtors filed a Chapter 7 bankruptcy petition. On their Schedule F, the Debtors included the $840,000 debt stated to be owed to LBB and Aurora. Aurora enlisted the services of the Morris Schneider law firm to represent its interests in the Debtors' bankruptcy. Aurora instructed Morris Schneider to "initiate the filing of a motion for relief from automatic stay" and to "[p]lease protect Aurora Loan Services, LLC, A Lehman Brothers Company interest on this loan." On December 30, 2008, the Morris Schneider firm, on behalf of Aurora, filed a motion for relief from the automatic stay. The motion requested reasonable attorney's fees. Notably, the motion stated that Aurora was the "holder of the mortgage." Aurora

2

knew at the time that it was not the holder of the mortgage. The motion included an attached copy of the note and mortgage. LBB was designated as the lender on the note and mortgage. The note stated that "Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" The note was not endorsed to any other party or in blank. Neither the Debtor nor the Trustee objected to the standing of Aurora to seek relief from the automatic stay. Instead, the Debtor and the Trustee consented to relief from the stay and an order was entered granting that relief on February 12, 2009. The Court is unaware if the Debtors' actually paid any fees related to the motion for relief. The order did not indicate that any filing fee or attorney's fees were to be added to the claim of U.S. Bank.

Denise Littleton was the Chapter 7 Trustee appointed to the Debtors' case. She stated in an affidavit that she reviewed Aurora's motion for relief and, based upon the motion and it attachments, concluded that she had no basis to object to the relief requested. She stated that she was not made aware that the U.S. Bank Trust owned any interest in the property at the time the motion for relief was filed and granted. She maintained that if she had known that there was a party who had an unrecorded interest in the property, she would have attempted to liquidate it for the benefit of the bankruptcy estate.

On February 28, 2011, Debtor Rick Allen Phillips ("Plaintiff") initiated this adversary proceeding. He asserted five separate causes of action against the Defendants. This Court disposed of all but one of those causes of action, fraud on the court, pursuant to the Defendants' motion to dismiss on May 9, 2011.

The Morris Schneider attorney who drafted and filed Aurora's motion for the relief from the automatic stay was deposed in conjunction with this adversary proceeding. In that deposition, he testified that when he filed the motion for relief from stay he unintentionally misstated that

3

Aurora was the holder of the mortgage. He testified that he knew at the time that Aurora was not the holder. He explained that the mistake was the result of the use of a form document that did not accurately state Aurora's status as the servicer of the loan documents, rather than the holder. He further explained that the loan documents that were attached to the motion for relief patently indicated that Aurora was not the holder.

The Defendants filed the motion for summary judgment currently under consideration on November 1, 2011. The Plaintiff filed a response to the motion and the Defendants replied to that response. On December 13, 2011, the Plaintiff filed a "Supplemental Response" that included the findings and reports of Bernard Jay Patterson regarding 30 separate filings by Aurora in the Southern District of Alabama. Those filings related to different bankruptcy cases than the bankruptcy matter at issue, but were offered to show pattern and practice evidence with regard to Aurora. The Defendants moved to strike the affidavit testimony and exhibits of Mr. Patterson and opposed the substance of the supplemental response as irrelevant and untimely.

## LAW

A motion for summary judgment is controlled by Rule 56 of the Federal Rules of Civil Procedure, which is applicable to bankruptcy proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. A court shall grant summary judgment to a moving party when the movant shows that "there is no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law."Fed. R. Bankr. P. 7056(c). In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2502, 91 L.Ed. 2d 2020 (1986), the Supreme Court found that a judge's function is not to determine the truth of the matter asserted or weight of the evidence presented, but to determine whether or not the factual disputes raise genuine issues for trial. *Anderson*, 477 U.S. at 249-50. In making this determination, the facts are to be looked upon

4

in the light most favorable to the nonmoving party. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986); *Allen v. Bd. Of Public Educ. for Bibb County*, 495 F.3d 1306 (11th Cir. 2007). The moving party bears the burden of proving there is no issue as to any material fact and that judgment should be entered as a matter of law. Fed. R. Bankr. Pro. 7056(c).

Here, there are no genuine issues of material fact because the relevant facts are undisputed. This Court must determine a purely legal question: Whether Aurora's admittedly incorrect statement that it was the "holder" of the mortgage in a filing with this Court constitutes a fraud upon the court. "'Fraud upon the court' ... embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007) (citing *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir.1985)). This Court has the power to impose sanctions to address fraud upon the court pursuant to 11 U.S.C. § 105(a). *In re Brannan*, 2011 WL 5331601, at *6 (Bankr. S.D. Ala. November 7, 2011). Further, this Court may set aside previously issued orders, in appropriate circumstances, pursuant to Federal Rule of Civil Procedure Rule 60 and Bankruptcy Rule 9024.

The Plaintiff asserts that Aurora perpetrated a fraud upon this Court by representing in a court filing that it was the "holder" of the loan in question. He maintains that Aurora intentionally provided false information regarding its ownership interest in the Debtors' loan to its bankruptcy attorney at Morris Schneider in order to conceal the true owner of the Plaintiff's debt. He insists that the bankruptcy estate was prejudiced by Aurora's fraud because the Trustee Denise Littleton, as a result of the misrepresentation, did not have the appropriate information to

5

assert available claims for the benefit of the estate. Accordingly, the Plaintiff asks this Court to impose sanctions against Aurora.

The Defendants argue that Aurora's actions did not constitute a fraud upon the court. Rather, they assert that the inaccurate statement in the motion for relief from stay was an innocent mistake that caused no prejudice to the Court or to the bankruptcy estate. This Court agrees. Aurora clearly had standing to file the motion for relief from stay as the servicer of the loan. *Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002). Further, it is undisputed that both Aurora and Morris Schneider knew that Aurora was not the holder, but that the Morris Schneider attorney who filed the motion for relief unintentionally overlooked the wording in a form document prior to its filing. That isolated mistake does not rise to the level of fraud upon the court. *See Brannan*, 2011 WL 5331601, at *6; *Woodruff v. Chase Home Finance, LLC*, 2010 WL 386209, at *6 (Bankr. M.D. Ala. January 27, 2010) ("Viewing one instance of filing a false affidavit, in isolation, one may make a creditable argument that such fraud is at most inter-party fraud and not a fraud on the court."). Moreover, the bankruptcy estate was not prejudiced. The note and mortgage were attached to the motion for relief from stay and patently indicate that Aurora was not the holder of the loan documents. The Trustee had adequate information even with the inaccuracy in the motion to protect the bankruptcy estate's interest. In any event, it is speculative that the Trustee would have succeeded on any particular claim, and thus, any loss to the estate is likewise speculative. As a bottom line, the judicial machinery was not prevented from performing in its usual manner by Aurora's attorney's misstatement.

Sanctions are not appropriate in this case. In *In re Nosek*, 609 F.3d 6 (1st Cir. 2010), the First Circuit held, under circumstances factually similar to those here, that no actual prejudice stemmed from "the inaccurate claim of holder status" where the misstatement was not deliberate

6

or intended to mislead the court. In so holding, the court noted that "subjective intent can bear on whether to impose a sanction and what amount to fix." *Id*. at 10. Here, the result is the same. The Court does not condone the filing of inaccurate pleadings, but Aurora's actions were unintentional and caused no prejudice to the bankruptcy estate. As such, no sanctions will be imposed on the Defendants.

In addition, the Court will not consider the supplemental materials offered by the Plaintiff, including the affidavit of Bernard Jay Patterson and its accompanying exhibits. As an initial matter, those materials are untimely. While no rule exists delineating a particular time period for submitting materials in response to a motion for summary judgment, it would be unfair to consider the voluminous supplemental materials filed more than thirty days after the initial motion for summary judgment and a week after the hearing on the matter. The Defendants did not have adequate time to digest the offered supplemental materials and respond with countervailing evidence. At the hearing, the Court suggested to the parties to review its recent decision, *In re Brannan*, 2011 WL 5331601 (Bankr. S.D. Ala. November 7, 2011), and invited the parties to submit letter briefs post-hearing if they felt that the decision supported their cause. The Court did not indicate it would allow the parties to offer unrelated expert evidence.

Plaintiff's supplementation is also irrelevant. It cites to 30 filings other than the one presently before the Court. This is not a class action and never has been. Those filings are not relevant to the question presently before the Court. Indeed, even if the Court took the Patterson affidavit and reports into account, it would not serve to prove a fraud in *this* case. Moreover, the Plaintiff offers no evidence of the attachments, if any, that were included with the 30 filings by Aurora in the other cases. If, as in this case, those attachments patently indicated the true facts

7

Case 11-00027    Doc 55    Filed 12/27/11    Entered 12/27/11 11:05:56    Desc Main
Document      Page 7 of 8

necessary for consideration of the respective motions, no fraud would be present in those cases either.

This case is distinguishable from this Court's recent decision *In re Brannan*, 2011 WL 5331601 (Bankr. S.D. Ala. November 7, 2011). In *Brannan*, this Court was called upon to determine whether 631 flawed affidavits filed with this Court (or more) constituted fraud upon the court and could serve as the basis to certify a class action. The Court denied certification of the class, but stated that, if proven, the actions of the bank in that case could possibly constitute a fraud on the court. The volume of the irregularities in that case made the quality of the information presented in those affidavits suspect. Further, those irregularities highlighted a systematic process of signing and preparing affidavits improperly. In this case, there is no evidence of similar wrongdoing. This case involves only one document where an attorney mistakenly used the wrong word in a form. There is no evidence of "robo-signing," or notarizations done incorrectly under the law, or similar issues.

The only damage that the Plaintiff can claim is that he was charged too high a fee, if one was actually paid, for preparation of the flawed motion and affidavit for relief from stay. Therefore, if the Plaintiff did pay a fee in conjunction with the motion for relief from stay, he may request that it be lowered.

THEREFORE IT IS ORDERED

1. The Defendants' motion for summary judgment shall be GRANTED as to the Trustee's fraud upon the court claim EXCEPT that the Plaintiff may request that this Court lower any fee he actually paid for the filing and/or prosecution of the motion for relief from stay by the creditor; and

2. The trial of the remaining issue is set for February 28, 2012 at 10:00 a.m.

Dated: December 27, 2011

MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE